UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **MARVIN DELANE TERRELL,** | ) |
| | ) |
| Petitioner, | ) |
| | )   No. 3:13 CV 734 |
| v. | ) |
| | ) |
| **SUPERINTENDENT,** | ) |
| | ) |
| Respondent. | ) |

## OPINION and ORDER

Marvin Delane Terrell, a *pro se* prisoner, was found guilty of Attempting to Engage in an Unauthorized Financial Transaction in violation of B-220 by the Disciplinary Hearing Body (DHB) at the Westville Correctional Facility on May 20, 2013, under cause number WCC 13-05-0029. He was sanctioned with the loss of 30 days earned credit time and demoted from Credit Class 1 to Credit Class 2. Though Terrell lists five grounds for challenging this proceeding, the only basis for granting him habeas corpus relief is that there is not evidence that he is guilty.

Terrell is not only a prisoner, he is also a student enrolled at Indiana University-Purdue University Fort Wayne. (DE # 1 at 11-12.) In this disciplinary proceeding, the factual basis for the charge of Attempting to Engage in an Unauthorized Financial Transaction were four letters to private organizations seeking financial aid for his higher education. The Report of Conduct said:

> On 5/2/13 I Officer C. Gann was making legal copies in the law library at approximately 8:00 a.m. I came to Marvin Terrell's legal copies and observed it was not legal material. Offender Terrell ~~wrot~~ typed up letters to: Northern Indiana Giving Program, Ford Motor Company, H&R

> Block Foundation, & the Smock Foundation requesting for financial assistance regarding his student loans. See attached: eight pieces of paper (typed letters), photocopy request, & request for remittance.

(DE # 4-1 at 1, strikeout in original.) The respondent argues that this is sufficient to find that Terrell attempted to engage in an unauthorized financial transaction. (DE # 4 at 5.) Based on the conduct report, there is evidence to find that Terrell attempted to engage in a financial transaction, but there is no indication that it was unauthorized. The respondent argues that Terrell had access to the "rule book" and therefore knew that the transaction was unauthorized. (DE # 4 at 7.) However the "rule book" states:

> 220  Engaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use of possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction.

(DE # 7-1 at 2.) Nothing in this definition gives any hint that a prisoner who is legitimately enrolled in college may not apply for financial assistance from organizations which provide such assistance. Nothing in this definition explains why or how a financial transaction is unauthorized. Though clearly the rule encompasses illegal, fraudulent, and deceptive activities, none of the letters at issue here fall into any of those categories. (*See* DE # 4-1 at 3-10.) So too, this rule would obviously prohibit a financial transaction related to an unauthorized activity, but here there is no evidence that Terrell was not legitimately enrolled in college. As such, the rule on its face does not give any indication that applying for publically available "scholarships" to pay for college is any more unauthorized than writing to a family member and asking for the same thing – or to pay for snacks from the commissary for that matter.

Because the respondent's brief and the administrative record had not explained what evidence in the record demonstrated that these letters were "unauthorized," the court granted the respondent until November 7, 2013, to supplement the return. That deadline passed, but the respondent did not reply. Based on the absence of evidence in this record that Terrell's letters were unauthorized financial transactions and the respondent's inability to produce any additional evidence or argument, the habeas corpus petition will be granted because there is not "some evidence" in the record that Terrell is guilty. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

For the foregoing reasons, the court:

(1) **GRANTS** the habeas corpus petition (DE # 1);

(2) **ORDERS** the respondent to remove the finding of guilt for WCC 13-05-0029 from Marvin Delane Terrell's record;

(3) **ORDERS** the respondent to restore to Marvin Delane Terrell the 30 days lost credit time and the time lost as a result of having been demoted from Credit Class 1 to Credit Class 2; and

(4) **ORDERS** the respondent to send proof of compliance with this order by December 16, 2013.

                                                    **SO ORDERED.**

Date: November 25, 2013

                                           s/James T. Moody_____
                                           JUDGE JAMES T. MOODY
                                           UNITED STATES DISTRICT COURT